# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**CASE NO: 1:07cv18-M**

**BOWLING GREEN AND WARREN**
**COUNTY AIRPORT BOARD**
**and**
**GEOFF FIELDS**                                                                    **PLAINTIFFS**

**V.**

**MARTIN LAND DEVELOPMENT**
**COMPANY, INC.**
**and**
**CO-MAR AVIATION, INC.**                                                    **DEFENDANTS**


## ORDER

This matter is before the Court upon Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment in this matter. Both Plaintiffs and Defendants have briefed the matter and attached documents outside the pleadings. The Court converted this matter to a Motion for Summary Judgment, considered all documents in the record, and heard oral argument. See Fed. R. Civ. Pro. Rule 12(c); see also Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389, 392 (6th Cir. 1975). The Defendants' Motion for Summary Judgment is GRANTED [DN4].

## I. FACTS

The Plaintiffs in this action are the Bowling Green Airport Board and Geoff Fields, a Bowling Green pilot. The Defendants, Martin Land Development Company, Inc. and Co-Mar Aviation, Inc. ("Martin," collectively), hold a lease covering a substantial area of the

Bowling Green Airport (BGA).  Several years ago, Martin began charging ramp fees to pilots and owners whose air planes entered his leasehold area.  Ramp fees were not charged to those who purchased fuel from Martin.  The Airport Board disapproved of the ramp fees, and conflict ensued.  Martin then filed an action in this Court requesting a declaratory judgment to establish the boundaries of his lease at the BGA.  <u>Martin Land Development Company, Inc. v. Bowling Green and Warren County Airport Board</u>, No. 1:01cv-40.  The Airport Board asserted that the lease was for a much smaller area than that claimed by Martin.

In that suit, the Court held it was without subject matter jurisdiction under the statues at issue: the Airport and Airway Improvement Act, <u>49 U.S.C. § 47107</u>, and the Federal Aviation Act, <u>49 U.S.C. § 40103</u>.  <u>Martin Land Development Company, Inc</u>., No. 1:01cv-40 (W.D. Ky., June 4, 2001).  The Court found that the federal statutes did not provide an independent, private cause of action and did not confer jurisdiction in the federal courts.  The Airport Board then filed suit in a state action.  While the trial court sided with the Airport Board, the Kentucky Court of Appeals interpreted the lease in favor of Martin.  <u>Martin Land Development v. Bowling Green and Warren County Airport Board</u>, Nos. 2003-CA-002648 and 2003-CA-002768 (Ky.App. July 15, 2005).  The Kentucky Court of Appeals declined to address any arguments related to the applicability of <u>49 U.S.C. § 47107</u> and <u>49 U.S.C. § 40103</u>, and the case was remanded to the Warren Circuit Court.

In this case, the Airport Board asserts that the current lease, as interpreted by the Kentucky Court of Appeals, grants Martin an exclusive right to operate as a Fixed Base Operator at the BGA, and claims that such an exclusive right is impermissible under <u>49</u>

2

U.S.C. § 40103 and 49 U.S.C. § 47107.  Section 47107 states, generally, that a person

providing services at an airport shall not have an exclusive right to provide those services.

But the more highly contested provision in this action is § 40103(e), which provides:

> No exclusive rights at certain facilities.--A person does not have an exclusive
> right to use an air navigation facility on which Government money has been
> expended. However, providing services at an airport by only one fixed-based
> operator is not an exclusive right if--
>> (1) it is unreasonably costly, burdensome, or impractical for more than
>> one fixed-based operator to provide the services; and
>> (2) allowing more than one fixed-based operator to provide the services
>> requires a reduction in space leased under an agreement existing on
>> September 3, 1982, between the operator and the airport.

Although the Airport Board argued to the contrary in the first federal suit filed in this matter,

it now asserts that jurisdiction in this Court is proper because federal law is at issue and the

matter is now ripe for federal consideration.  Martin responds that there is no private right

of action in the statutes at issue.  Martin further argues, that even if the Court asserted

jurisdiction, a preclusion doctrine would prevent the suit's continuation.

The Court chose to consider the attachments provided and matters outside the

pleadings, and therefore converted the Motion to Dismiss to a Motion for Summary

Judgment.  After oral argument on the matter, the Court has found that the jurisdictional

matters control the case, but nonetheless considers the matter under the standards of summary

judgment.

## II.  STANDARD OF REVIEW

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than show there is some "metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial."  Fed. R. Civ. P. 56(e) (emphasis added).  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  Anderson, 477 U.S. at 252.

## III.  DISCUSSION

The Plaintiffs have acknowledged that current Sixth Circuit case law provides that 49 U.S.C. § 47107 does not create a private right of action.  Northwest Airlines, Inc. v. County of Kent, Michigan, 955 F.2d 1054, 1058 (6th Cir. 1992)(applying the previous version of § 47107, 49 U.S.C. § 2210); see also Four T's Inc. v. Little Rock Municipal Airport Commission, 108 F.3d 909, 915-16 (8th Cir. 1997).  Because no private right of action is found in § 47107, the court turns its attention to 49 U.S.C. § 40103.

The Sixth Circuit has not considered whether § 40103 provides a private cause of action.  Multiple Courts from other jurisdictions have held that none exists through either § 40103 or its legislative predecessor, 49 U.S.C. § 1349(a).  See, e.g., Interface Group, Inc. v. Massachusetts Port Authority, 816 F.2d 9, 14 (1st Cir. 1987); Montauk-Caribbean Airways, Inc. v. Hope, 784 F.2d 91, 98 (2d Cir. 1986); Pumpkin Air, Inc. v. City of Addison, 608 F.Supp. 787, 793-94 (N.D.Tex. 1985).  In spite of the overwhelming authority that § 40103 contains no private right of action, the Plaintiffs assert that this Court should decline to follow those persuasive authorities.  Instead, Fields and the Airport Board submit that the Court should independently determine whether the statute contains a private right of action.

The Supreme Court set forth the factors to determine whether a statute contains an implied right of action in Cort v. Ash, 422 U.S. 66 (1975).  The Court explained:

> In determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff 'one of the class for whose especial benefit the statute was enacted,'--that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a

> remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

Cort v. Ash, 422 U.S. 66, 78 (1975)(internal citations omitted).  The factors enumerated in Cort do not all demand equal consideration, however.  "The central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action." Touche Ross & Co. v. Redington, 442 U.S. 560, 575 (1979).  The Supreme Court has nearly abandoned Cort's four-factor test in favor of consideration of congressional intent alone. Parry v. Mohawk Motors of Michigan, 236 F.3d 299, 308 (6th Cir. 2000).

While legislative intent deserves the most consideration, in an abundance of caution, the Court will consider all of the Cort factors.  First, the Court considers whether the Plaintiffs belong to the class for whose "especial benefit" § 40103 was enacted.  Section 40103(a)(2) introduces the federal government's right to control airspace by noting that "[a] citizen of the United States has a public right of transit through the navigable airspace."  The statute provides no more specific class of persons it is intended to benefit than one who is a "citizen of the United States."  While the Plaintiffs likely meet this criterion, such a generalized group cannot be one for whom an "especial benefit" was intended.  See Interface Group, 816 F.2d at 14 ("the statutory provision taken as a whole suggests that Congress sought to benefit the public at large, not carriers in particular").

The Court will move past the second factor in order to consider legislative intent after the others considerations have been discussed.  The third consideration of Cort is whether

it is consistent with the legislative scheme to imply a private right. Cort, 422 U.S. at 78. While there is no clear language to indicate there should not be a private right in § 40103, the statute's references to the Federal Aviation Administration and the Administrator indicate that it would be consistent with the statute for the Federal Aviation Administration, rather than private citizens, to have enforcement rights related to § 40103. For instance, the statute provides, in part: that "[t]he United States Government has exclusive sovereignty of airspace;" that "[t]he Administrator of the Federal Aviation Administration shall develop plans and policy;" and that "[t]he Administrator shall prescribe air traffic regulations." These statements indicate that rather than private citizens, the "Administrator" should more likely be endowed with enforcement rights.

The fourth factor considers whether this is a matter traditionally relegated to state law. Cort, 422 U.S. at 78. Section 40103 clearly establishes that the federal government has sovereignty over airspace and provides restrictions for airports where federal money has been expended. The subject of § 40103 traditionally has not been a matter of state law. This factor favors the implication of a private right of action. But the third and fourth factors of Cort should not alone be used to imply a private right of action. See Transamerica Mortgage Advisors, Inc., v. Lewis, 444 U.S. 11, 23 (1979).

The Court now turns its consideration to the most important factor: legislative intent. At oral argument on this matter, Plaintiffs' counsel argued that the legislative intent of § 40103 suggests there should be a private right of action because the statute provides for no other remedy. No authority was provided for this proposition. The presence of an

7

administrative remedy within a statute may indicate that a private cause of action was not intended.  See <u>American Federation of State, County and Mun. Employees Local 506 v. Private Industry Council of Trumbull County</u>, 942 F.2d 376, 380 (6th Cir. 1991)(citing <u>Uniformed Firefighters Ass'n v. City of New York</u>, 676 F.2d 20, 22 (2d Cir. 1982)).   But the same is not true in reverse:  the lack of an administrative remedy does not imply that Congress intended a private right of action.  See <u>Alexander v. Sandoval</u>, 532 U.S. 275, 286 (2001)(for a cause of action to exist, a statute must show an intent "to create not just a private right but also a private remedy"); see also <u>Smith v. Dearborn Financial Services, Inc.</u>, 982 F.2d 976, 979 (6th Cir. 1993)("federal regulations cannot themselves create a cause of action; that is a function of the legislature").

Further, many of the cases finding that <u>§ 40103</u> contained no private right of action were decided prior to 1994, when the statute was last amended.  If Congress had intended to create a private right, it could have done so at that time.  The legislative intent, the most important factor in determining a private right of action, does not manifest a congressional intent to provide a private right of action in <u>§ 40103</u>.  The third and fourth factors of <u>Cort</u> weigh slightly in favor of the Plaintiffs, but the lack of legislative intent for a private right of action prevails in this matter.  The Court sides with the overwhelming weight of authority on this matter and finds that <u>§ 40103</u> contains no private right of action.

## IV.  CONCLUSION

This Court concludes that no private right of action exists in <u>49 U.S.C. § 47107</u> or <u>49 U.S.C. § 40103</u>.  Thus, this Court lacks jurisdiction and Martin's Motion to Dismiss, or in

the Alternative, for Summary Judgment, is GRANTED [DN 4].

cc: counsel of record